**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 12-18-DLB**

**JAMES JOHNSON, ET AL.**                                           **PLAINTIFFS**

**vs.**                    **MEMORANDUM OPINION AND ORDER**

**JOHN CONLEY, ET AL.**                                       **DEFENDANTS/
THIRD PARTY PLAINTIFFS**

**vs.**

**DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, ET AL.**                            **THIRD PARTY DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs James Johnson, Ernestine Buckner, Jeffrey Ellison, Rebecca Johnson, Julie Carter Killin, Mary Parks and Mark Westmoreland commenced this negligence action in Boyd Circuit Court against Defendants John and Kelley Conley and the Unknown Builder of the Deck alleging that they failed to inspect, maintain and repair a deck on property owned by the Conleys and that this alleged failure caused the deck to collapse and injure Plaintiffs.[1] (Docs. # 1-1; 1-2). Thereafter, Defendants John and Kelley Conley filed a Third Party Complaint against Third Party Defendants United States Department of Housing and Urban Development (HUD), Kentucky Department of Housing, Buildings and Construction

---

[1] This action was originally brought as two separate actions in Boyd Circuit Court, one brought by James Johnson (11-CI-401) and the other brought by Buckner, Ellison, Rebecca Johnson, Killin, Parks and Westmoreland (11-CI-622). These actions were eventually consolidated. James Johnson also asserted a bad faith claim against Defendant State Farm Insurance Company. (Doc. # 1-1).

(KDHBC)[2], City of Ashland Assisted Housing Authority (AAHA), Corie Kazee, in his official and individual capacity, and Terri Anderson, in her official and individual capacity, (Doc. # 1-3), alleging that Third Party Defendants negligently performed, or caused to be performed, an inspection of the property and that this alleged negligence was the proximate cause of Plaintiffs' injuries. Accordingly, Defendants John and Kelley Conley claim they are entitled to indemnification, contribution, and/or apportionment of fault against Third Party Defendants. On March 2, 2012, Third Party Defendant HUD removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) based on its status as a federal agency.

This matter is currently before the Court on Third Party Defendant HUD's Motion to Dismiss Third Party Complaint (Doc. # 10) for lack of subject matter jurisdiction. The motion has been fully briefed, (Docs. # 10, 13, 15), and the matter is now ripe for review. For the reasons set forth below, Third Party Defendant HUD's Motion to Dismiss Third Party Complaint (Doc. # 10) is hereby **granted**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 5 and June 6, 2011, Plaintiffs filed two, separate civil actions in Boyd Circuit Court alleging state law tort claims against several defendants. Since these actions involved the same incident and defendants, they were consolidated on September 9, 2011.

Defendants John and Kelley Conley are the owners of rental property located at 2328 Moore Street in Ashland, Kentucky. The rental property consisted of a house with a deck attached and was being rented to tenants of the Conleys. Plaintiffs allege that, on or about October 11, 2010, they were invitees and/or visitors on the property when the

---

[2] On May 2, 2012, the Court entered an agreed Order dismissing Third Party Defendant KDHBC from this action (Doc. # 16).

2

attached deck collapsed and caused them injury. Plaintiffs assert that their injuries were caused by Defendants' negligence, specifically that Defendants failed to properly construct, inspect, maintain and repair the deck.

On November 21, 2011, Defendants John and Kelley Conley filed a Third Party Complaint against Third Party Defendants HUD, KDHBC. AAHA, Corie Kazee, in his individual and official capacity, and Terri Anderson, in her individual and official capacity. (Doc. # 1-3). The Conleys allege that Plaintiffs' injuries were caused by Third Party Defendants' negligent inspection of the rental property on September 29, 2010, just twelve days prior to the collapse of the deck. The Conleys assert they are entitled to indemnification, contribution, and/or apportionment of fault against Third Party Defendants. On March 2, 2012, Third Party Defendant HUD removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. # 1).

## II.   ANALYSIS

### A.   Rule 12(b)(1) Motion to Dismiss Standard

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a motion to dismiss pursuant to Rule 12(b)(6). In response to a Rule 12(b)(1) motion, the plaintiffs–in this case, the Third Party Plaintiffs– bear the burden of proving jurisdiction. *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007) *abrogated on other grounds by Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 132 S. Ct. 694 (2012). Additionally, "unlike Rule 12(b)(6) analysis, under which the existence of genuine issues of material fact warrants denial of the motion to dismiss, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Id.* (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))

(internal quotations omitted).

### B. Derivative Jurisdiction

The HUD argues that the doctrine of derivative jurisdiction applies in this case, and, therefore, the Third Party Complaint must be dismissed because the state court never had subject matter jurisdiction over the alleged tort claims prior to their removal. This doctrine establishes that the district court's jurisdiction over a removed case mirrors the state court's jurisdiction prior to removal. *Minnesota v. United States*, 305 U.S. 382, 389 (1979). Stated differently, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Id.* Thus, a removed action that is within the exclusive jurisdiction of the federal courts must be dismissed because the state court where the action was originally brought lacked jurisdiction to hear the case. *See Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007).

Although derivative jurisdiction has been frequently criticized and Congress has abrogated the doctrine in matters removed pursuant to the general removal statute, 28 U.S.C. § 1441, the abrogation does not extend to cases removed under other provisions. *See id.* at 244-46 (citing 28 U.S.C. § 1441(f) (abrogating the derivative jurisdiction doctrine with respect to cases "removed under this section.")). Indeed, federal courts have consistently held that the doctrine remains applicable to any cases removed pursuant to 28 U.S.C. § 1442(a)(1). *See e.g., Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *McRory v. Hobart Bros. Co., Inc.*, 732 F.2d 1533, 1535 (11th Cir. 1984); *Johnson v. Louisville Int'l Airport*, No. 11-cv-216, 2011 WL 271364, at *2 (W.D. Ky. July 12, 2011); *Cobble v. Geithner*, No. 11-cv-21,

4

2011 WL 1625093, at *1 (W.D. Ky. April 28, 2011); *Taylor v. United States*, No. 06-cv-2, 2006 WL 2037392, at *1 (W.D. Ky. July 18, 2006).

Furthermore, removal by HUD is not a consent to be sued or a waiver of any objection it has to the jurisdiction of the removal court. *See Minnesota*, 305 U.S. at 388-89 ("The fact that the removal was effected on petition of the United States and the stipulation of its attorney in relation thereto are facts without legal significance. Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give any court jurisdiction of a suit against the United States."). A party's power to remove a case to federal court is independent of the federal court's power to hear the case, and, once a case is properly removed, the federal court has the authority to decide whether it has subject matter jurisdiction over the claims. *State of Neb. ex. rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) (citing 28 U.S.C. § 1447© ("If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")).

Accordingly, because this action was removed pursuant to 28 U.S.C. § 1442(a)(1), the doctrine of derivative jurisdiction applies. This Court's jurisdiction is limited to the jurisdiction vested in the state court. However, for the reasons discussed herein, the state court lacked jurisdiction over the tort claims asserted against Third Party Defendant HUD. As a result, the Court acquired no jurisdiction upon removal, and the Third Party Complaint against HUD must be dismissed.

### C. Lack of Subject Matter Jurisdiction

As a sovereign, the United States is immune from suits, except to the extent that it has consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Third Party Plaintiffs

5

allege various tort claims against HUD, and these claims may only be brought within the scope of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679 *et seq*.  While the FTCA acts as a waiver of the United States' sovereign immunity in state law tort actions, it is the sole waiver of immunity for these actions against federal government agencies and employees.  28 U.S.C. § 2679(a), (b)(1).  The FTCA provides that federal courts shall have exclusive jurisdiction over tort actions against the United States.  28 U.S.C. § 1346(b)(1) ("Subject to the provisions of chapter 171 of this title, the district courts, ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ... .").  Accordingly, the United States has not consented to be sued in state court under the FTCA, and the Boyd Circuit Court lacked jurisdiction over Third Party Plaintiffs' claims against HUD.  Pursuant to the doctrine of derivative jurisdiction, because the state court lacked subject matter jurisdiction over Third Party Plaintiffs' claims against HUD, this Court did not acquire jurisdiction upon removal.

Moreover, although the FTCA is a limited waiver of the United States' immunity, it does not waive the sovereign immunity of federal government agencies.  28 U.S.C. § 2679(a).  The FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims *against the United States* ... ."  28 U.S.C. § 1346(b) (emphasis added). It is the United States and not the responsible agency or employee that is the proper defendant in a FTCA suit.  *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)).  "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."  *Galvin v. OSHA*, 860 F.2d

6

181, 183 (5th Cir. 1988) (citations omitted).

Third Party Plaintiffs argue that this Court has jurisdiction because HUD has asserted a defense that arises under federal law.  They cite *Mesa v. California*, 489 U.S. 121 (1989), for the proposition that jurisdiction may be proper in a district court if the removing federal agency asserts a defense that arises under federal law.  Because HUD has presented a defense of sovereign immunity, Third Party Plaintiffs claim that this is sufficient to give this Court jurisdiction over the matter.  Third Party Plaintiffs' argument is without merit.

*Mesa v. California* held that federal officer removal under § 1442(a) must be predicated upon averment of a federal defense.  489 U.S. at 129.  The Court found that § 1442(a) is purely a jurisdictional statute, "seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant."  *Id.* at 136.  Therefore, § 1442(a) cannot independently support the court's Article III "arising under" jurisdiction.  "Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art[icle] III purposes."  *Id.*; *see also Ohio v. Wright*, 992 F.2d 616, 619 (6th Cir. 1993) (A federal defense is a necessary element in every § 1442(a)(1) federal officer removal under *Mesa v. California*, because officers must claim authority for their conduct under an "Act of Congress.").  Given that there is no officer removal in the present case, *Mesa v. California* is wholly inapplicable to the circumstances before the Court.  *See also City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 391 (6th Cir. 2007) ("This case is thus different from *Mesa v. California*, ..., in which the Supreme Court rejected the government's argument that a federal defense is not required for officer

7

removal. The *Mesa* Court reasoned that an interpretation of § 1442 requiring such a defense ensures Article III jurisdiction by virtue of the case's "arising under" federal law. No such interpretation is required where the United States is a party.") (internal citations omitted)).

One final matter deserves brief comment. HUD also argues that since the United States has maintained its sovereign immunity for the acts of contractors, and none of the allegedly tortious acts were committed by employees of the federal government, there is no valid waiver of sovereign immunity. However, because the Court finds that it lacks subject matter jurisdiction over the claims against HUD pursuant to the doctrine of derivative jurisdiction, it would be improper to consider any substantive arguments raised by Defendants. *See Cobble*, 2011 WL 1625093, at 1 n.1 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (explaining that once a Court has determined that it lacks subject matter jurisdiction, the Court should not proceed any further)); *see also Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.") (emphasis in the original)).

### D. Remand to Boyd Circuit Court

The HUD removed this action pursuant to 28 U.S.C. § 1442(a)(1). That statute permits removal by "[t]he United States or any agency thereof or any officer." HUD has now been dismissed, and the Court has no independent basis of jurisdiction over the remaining claims or Defendants. Once the federal party has been "dismissed from [a] case which has been removed under [the] rule permitting removal of suits brought against

officers or agencies of [the] United States, a federal district court has the power either to adjudicate remaining state claims or remand to state court." *Estate of Guzik ex rel. Guzik v. Mahmud*, No. 09-CV-0657, 2009 WL 1844317, at *1 (W.D. Pa. June 26, 2009); *see also Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974); *Gulati v. Zuckerman*, 723 F. Supp. 353 (E.D. Pa. 1989); *Peroff v. Manuel*, 421 F.Supp. 570 (D.D.C. 1976). Because Plaintiffs' choice of forum was state court and there have been no significant proceedings in federal court—with the exception of this Order—the Court declines to retain jurisdiction over the remaining Defendants and remands the matter to the Boyd Circuit Court. *See Estate of Guzik*, 2009 WL 1884317, at *1 (citing factors to consider in determining whether to remand to state court); *Gen. Motors Corp. v. Hirschfield Steel Serv. Ctr., Inc.*, 402 F. Supp.2d 800, 808 (E.D. Mich. 2005) (same).

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

(1)   Third Party Defendant HUD's Motion to Dismiss (Doc. # 10) is hereby **GRANTED**;

(2)   Third Party Plaintiffs John and Kelly Conley's claims against HUD are hereby **DISMISSED WITHOUT PREJUDICE**;

(3)   This action is **REMANDED** in its entirety to the Boyd Circuit Court from which it was removed. Plaintiff James Johnson's Motion to Compel (Doc. # 17) is left to the sound discretion of the Boyd Circuit Court Judge; and

(4)   This case is **STRICKEN** from the Court's active docket.

This 30th day of May, 2012.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\Opinions\Ashland\0-12-18 MOO Granting MTD.wpd